UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE, | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| v. | : | |
| RICHARD LEVINE, | : | |
| Defendant. | : | AUGUST 2, 2022 |

## COMPLAINT

Plaintiff John Doe, by and through his attorneys, Philip Russell, LLC, as and for his complaint against the Defendant Richard Levine ("Defendant Levine"), alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises out of multiple sexual assaults committed by the Defendant Levine against the Plaintiff, when he was a minor child of four and five years old.

2. Defendant Levine was a friend of John Doe's father and had contact with Plaintiff during the years 1983 through 1984.

## PARTIES

3. Plaintiff John Doe, whose true name is not presented because of the intimate nature of the events giving rise to this action, resides in Connecticut.

4. Plaintiff seeks to obtain an Order, in accordance with Fed. R. Civ. P. 5.2, granting him permission to use the pseudonym John Doe for purposes of filing the present action.

5. Defendant Levine resides in the State of California.

## JURISDICTION

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds $75,000.00.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) because the events underlying the claims herein occurred in Connecticut and at that time all parties were located in Connecticut.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff was born in 1979 and lived in Greenwich and Stamford, Connecticut during all times relevant.

9. Plaintiff's father regularly attended AA, where he met Defendant Levine.

10. Plaintiff's father became Defendant Levine's AA sponsor and friend.

11. Beginning in the Spring of 1983, Plaintiff's father introduced Defendant Levine to Plaintiff and his family.

12. Defendant Levine would visit Plaintiff's home and the Plaintiff and his family would visit Defendant Levine at his home.

13. Plaintiff often sat on Defendant Levine's lap.

14. In the Spring of 1984, Defendant Levine invited Plaintiff's family to see his house at 11 Upland Drive Greenwich, CT 06831.

15. During this visit Defendant Levine told Plaintiff "Let me show you my bedroom".

16. At said time and place, Plaintiff and Defendant went to Defendant Levine's bedroom.

17. After some time elapsed, Plaintiff's mother walked into Defendant Levine's bedroom and found Plaintiff and Defendant lying on the bed together. Defendant Levine's hands were all over Plaintiff's legs and penis.

18. In 1984, Plaintiff's mother began working part-time at night and during weekend shifts at Saks Fifth Avenue in Stamford.

19. Plaintiff was under his father's supervision while his mother worked, and Defendant Levine frequently had access to Plaintiff at those times.

20. In the fall of 1984, Defendant Levine was at Plaintiff's parents' home in Stamford for dinner.

21. At said time and place, Plaintiff and Defendant Levine were together in the living room. Plaintiff's mother was in the kitchen and heard Plaintiff screaming "leave me alone" and "get off me" several times.

22. Plaintiff's yelling and distress led Plaintiff's mother to go into the living room to see what was wrong.

23. When entering the living room Plaintiff's mother found the Defendant Levine had restrained Plaintiff on the floor and was straddling him.

24. Defendant Levine was fondling Plaintiff's genitals under his pants.

25. In November of 1984, while attending kindergarten, Plaintiff disclosed to his teacher and a school social worker that he had been sexually assaulted by a family friend. Levine.

26. Thereafter, Plaintiff identified Defendant Levine as the family friend who had assaulted him.

27. Plaintiff disclosed that Defendant Levine had put his hands into his pants and touched his penis. He also revealed that Defendant Levine had rubbed his penis three times, once while at his home while they were showering together, once in the Defendant Levine's bed while they were "snuggling" to keep warm, and once in the family living room while they were wrestling.

28. Plaintiff further disclosed that Defendant Levine touched Plaintiff's penis whenever Plaintiff sat on Defendant Levine's lap.

29. In or around November of 1984, Plaintiff was referred to Child Guidance Center and eventually began attending therapy sessions regularly.

30. The sexual assaults ended in November 1984 after Plaintiff reported the abuse.

**COUNT ONE:** **SEXUAL ASSAULT**

1-30. Plaintiff repeats and re-alleges paragraphs 1-30 of the Complaint as if fully set forth herein.

31. Defendant Levine's aforesaid conduct was willful, wanton and cruel.

32. As a direct and proximate result of Defendant Levine's harmful and intentional conduct, Plaintiff was caused to suffer damages, including but not limited to:

    a. Physical harm;

    b. Extensive emotional and psychological injuries;

    c. Severe mental suffering;

    d. Permanent trauma.

33. As a further result of Defendant Levine's harmful and intentional conduct, Plaintiff's interactions with other people and his personal relationships have suffered.

34. As a further result of Defendant Levine's harmful and intentional conduct, Plaintiff has suffered extreme difficulties in the way he functions in the world.

35. As a further result of Defendant Levine's harmful and intentional conduct, Plaintiff has incurred and will continue to incur expenses for treatment and counseling.

36. As a further result of Defendant Levine's harmful and intentional conduct, Plaintiff lost earnings and/or earning capacity all to his further loss and damage.

37. As a further result of Defendant Levine's harmful and intentional conduct, Plaintiff's ability to pursue and enjoy life's activities has been reduced.

38. Plaintiff's injuries or some of them are permanent in nature and/or permanently disabling.

39. Plaintiff has been damaged.

**COUNT TWO:       INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-30. Plaintiff repeats and re-alleges paragraphs 1-30 of the Complaint as if fully set forth herein.

31. Defendant Levine intended to inflict or knew or should have known that his conduct would likely inflict emotional distress upon Plaintiff.

32. Defendant Levine's aforesaid conduct was extreme and outrageous.

33. Defendant Levine's aforesaid conduct was the cause of the Plaintiff's distress.

34. By the virtue of the foregoing, the Defendant Levine inflicted upon the Plaintiff severe emotional distress.

35. Plaintiff has been damaged.

## COUNT THREE:    RECKLESS AND WANTON CONDUCT

1-30.   Plaintiff repeats and re-alleges paragraphs 1-30 of the Complaint as if fully set forth herein.

31.   Defendant Levine's aforesaid conduct was reckless and wanton conduct in that:

   a. The Defendant Levine knew or should have known that his conduct would create an unreasonable risk of bodily harm to the Plaintiff;

   b. Defendant Levine's conduct entailed a high degree of probability of causing substantial bodily and psychological harm to the Plaintiff.

32.   As a result of Defendant Levine's reckless and wanton conduct, Plaintiff suffered serious permanent emotional and psychological injuries arising from being assaulted and battered.

33.   As a further result of Defendant Levine's reckless and wanton conduct, Plaintiff has suffered and will continue to suffer significant losses in the enjoyment of his life's activities.

34.   As a further result of Defendant Levine's reckless and wanton conduct, Plaintiff's interactions with others and personal relationships have suffered.

35.   As a further result of Defendant's reckless and wanton conduct, Plaintiff has suffered extreme difficulties in the way he functions in the world.

36.   As a further result of Defendant Levine's harmful and intentional conduct, Plaintiff has incurred and will continue to incur expenses for treatment and counseling.

37.   As a further result of Defendant Levine's harmful and intentional conduct, Plaintiff lost earnings and/or earning capacity all to his further loss and damage.

38.   Plaintiff's injuries or some of them are permanent in nature and/or permanently disabling.

39.     Plaintiff has been damaged.

## CONCLUSION

**WHEREFORE,** Plaintiff demands judgment against Defendant Richard Levine for compensatory damages in the amount of Fifteen Million Dollars ($15,000,000.00), exclusive of interest and costs, punitive damages, including but not limited to attorney's fees, costs, and such other and further relief as this Court may deem proper.

Dated at Greenwich, Connecticut this 2nd day of August, 2022.

THE PLAINTIFF,

By ___/s/_____
Philip Russell
CT03127
Philip Russell, LLC
1 River Road
Cos Cob, CT 06807
(203) 661-4200
efile@greenwichlegal.com