**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOHN DOE, | : | CIVIL ACTION NO. |
|       Plaintiff, | : | |
| v. | : | |
| RICHARD LEVINE, | : | |
|       Defendant. | : | AUGUST 2, 2022 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR PROTECTIVE ORDER TO FILE COMPLAINT**
**UNDER FICTITIOUS NAME AND MOTION TO SEAL**

### I.   INTRODUCTION

Plaintiff moves for a protective order to file the complaint under a fictitious name and to seal the complaint with Plaintiff's true identity prior to commencing a civil action brought by Plaintiff, an adult male, against Defendant Richard Levine. Plaintiff asks that the Court grant permission to commence the claim using the pseudonym "John Doe."

Plaintiff's motion should be granted because the facts of this case involve "matters which are highly sensitive," resulting in a realistic concern of "social stigmatization," a "real danger" of physical and psychological harm, and a likely danger of severe economic harm to Plaintiff if he is not able to proceed anonymously. *Vargas v. Doe*, 96 Conn. App. 399, 411, 900 A.2d 525 (2006).

Plaintiff's Complaint arises from a series of sexual assaults that occurred when he was about 4-5 years old in 1983 and 1984. Anonymity for victims of sexual abuse is supported by a "strong social interest in concealing the identity of the [Plaintiff] . . . ." *Id.* Accordingly, the Defendant will not be prejudiced by Plaintiff's use of a pseudonym for purposes of this litigation.

Plaintiff further seeks an Order sealing the true name complaint.

## II. BACKGROUND

Plaintiff intends to bring an action against Defendant for the harm he suffered and continues to suffer as a result of the sexual assaults, including but not limited to severe mental and emotional pain, suffering and distress, humiliation, shame, degradation, fear, terror, and interference with interpersonal relationships.

Plaintiff's Complaint contains multiple counts against Defendant Levine. The Complaint alleges, *inter alia*, that between 1983 and 1984 Defendant Levine repeatedly sexually assaulted Plaintiff. During the assaults, Defendant unlawfully restrained Plaintiff, straddled Plaintiff and inappropriately touched Plaintiff's private areas. As a result of the attacks, Plaintiff suffered severe physical, emotional and psychological injuries, many of which are likely to be permanent in nature.

Plaintiff will argue that the foregoing conduct amounted to an intentional assault and battery, intentional infliction of emotional distress, and reckless and wanton conduct. Plaintiff will further allege that Defendant's conduct proximately caused significant and lasting harm.

## III. ARGUMENT

Plaintiff has filed the present motion to prevent disclosure of his birth identity on the grounds that disclosure of his identity would unnecessarily, inappropriately and severely jeopardize his psychological, physical and financial welfare.

In particular, if required to use his birth identity, Plaintiff fears that he will suffer further damage from the social stigmatization from being related to a victim of childhood sexual abuse. *See Vargas,* 96 Conn. App. at 411. The confidentiality of sexual assault victims is paramount. For instance, Conn. Gen. Stat. § 54-86e protects the confidentiality of victims of sexual assault's

personally identifying information. "The purpose underlying § 54-86e is clear. It aims to protect victims of sexual assault by reducing unnecessary harassment and embarrassment in court, and by encouraging the disclosure of sexual assault." *State v. Bennett-Gibson*, 84 Conn. App. 48, 69, 851 A.2d 1214, *cert. denied*, 271 Conn. 916, 859 A.2d 570 (2004).

Specifically, Plaintiff is concerned that his friends, family and peers, who have no idea he was victimized, will learn his identity from public court filings, or media press related thereto, which would subject him to a powerful negative stigma that could significantly deepen the emotional trauma he has already sustained. If identified, Plaintiff runs the risk of being forever defined by neighbors, friends, peers, and others in the community with whom he interacts as a victim of these sexual crimes. This risk of social stigmatization is particularly heightened in this case given the highly sensitive nature of the abuse. *See Vargas,* 96 Conn. App. at 411.

In addition, there are significant privacy intrusions, including those by innocent and well-intentioned people, as well as harassment and ridicule by ill-intentioned people. Plaintiff will also face the risk of repeated retraumatization if questioned about details of the event by friends, family and neighbors, which would be likely to lead to further emotional harm. Plaintiff's very real concern is that any progress he has made in dealing with the emotional and psychological trauma could not only be lost, but that he could regress in the event that his birth identity is disclosed and made public knowledge. Plaintiff also believes revealing his identity could negatively affect his ability to earn a living.

Moreover, Local Rule 5.2(e) allows parties to seek a protective order to grant the redaction of personal identifying information when "good cause" exists. Local Rule 5(e)(4) sets forth circumstances under which the Court may grant a Motion to Seal, when the sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. In the

instant case permitting Plaintiff to proceed with a pseudonym would have no negative impact on Defendant. While Plaintiff's interest in maintaining his identity as confidential is critical to his social, physical, emotional and economic well-being, neither the public nor Defendant have any legitimate interest in requiring the Plaintiff's name to be public.

## IV.   CONCLUSION

WHEREFORE, Plaintiff seeks relief, pursuant to Fed. R. Civ. P. 5.2 to use pseudonyms in place of his birth name in this civil action. Plaintiff asks that he be granted permission to proceed for the duration of this matter under the pseudonym "John Doe." Plaintiff further seeks an Order to seal the true name complaint, pursuant to Local Rule 5(e).

THE PLAINTIFF,

By   /s/
Philip Russell
CT03127
Philip Russell, LLC
1 River Road
Cos Cob, CT 06807
(203) 661-4200
efile@greenwichlegal.com

## CERTIFICATION

I certify that a copy of the above was or will immediately be mailed or delivered electronically or nonelectronically on August 2, 2022 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served:

/s/
Philip Russell